IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASE NUMBER: 4:21CR50/RH-MAF

BRIAN BRAINARD WEDGEWORTH
  a/k/a "DR. BRIAN ANDERSON"
  a/k/a "DR. ANTHONY WATKINS"
  a/k/a "DR. BRIAN ADAMS"
  a/k/a "DR. EDWARD CHEN"
  a/k/a "DR. BRIAN CHRIS"
  a/k/a "DR. CHRIS WILLIAMSON"
  a/k/a "DR. BRIAN CHRISTOPHER WILLIAMSON"
  a/k/a "DR. BRIAN EDMONDS"
  a/k/a "DR. BRIAN AMMERSON"
  a/k/a "DR. BRIAN LAMAR WILSON"
  a/k/a "DR. BRIAN WILSON"
  a/k/a "DR. BRIAN MIMS"
  a/k/a "DR. BRIAN LAMAR SIMS"
_____/

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, moves for detention of the Defendant pending trial, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, and in support thereof, avers:

On October 26, 2021, the Defendant was indicted by a grand jury sitting in the Northern District of Florida for twenty-five counts, including wire fraud, mail fraud, aggravated identity theft, and money laundering, in violation of 18 U.S.C.

1

§§ 1343, 1341, 1028A, and 1957, respectively. Doc. 1.  The Defendant was located and arrested in Spring Hill, Tennessee (Middle District of Tennessee) on November 4, 2021. Doc. 10 at pg. 5.

A detention hearing is required, pursuant to 18 U.S.C. § 3142(f), to determine whether any conditions or combination of conditions will reasonably assure the Defendant's appearance at subsequent court proceedings and the safety of the community.  For the reasons set forth below, and as will be proffered at the forthcoming detention hearing in this case, no conditions or combinations of conditions can be imposed that would reasonably assure the Defendant's appearance at court proceedings and the safety of the community.

## I. Basis for Detention

To safeguard members of the community, defendants charged with criminal offenses "legitimately may be incarcerated by the Government prior to a determination of their guilt or innocence . . . ." *Bell v. Wolfish*, 441 U.S. 520, 523 (1979); *see* 18 U.S.C. § 3142(a).  To detain a defendant prior to trial, however, "the Government must comply with constitutional requirements . . .and any applicable statutory provisions." *Bell*, 441 U.S. at 534 n.15.  Here, under the Bail Reform Act of 1984, as amended, the Defendant is eligible for detention because he poses a serious risk of flight and a danger to others for which no conditions of release "will

reasonably assure the appearance of the [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

## II. Serious Risk of Flight or Posing a Danger to Community

"A criminal defendant must be released before trial on personal recognizance or upon execution of an unsecured bond, unless the court determines that release will not reasonably ensure his appearance or will endanger the safety of others." *Taylor v. Pekerol*, 760 F. App'x 647, 653 (11th Cir. 2019) (citing 18 U.S.C. § 3142(b)). On the other hand, a defendant must be detained pending trial if he presents a serious risk of flight or poses a danger to another person or members of the community. *United States v. Salerno*, 481 U.S. 739, 749 (1987); *see United States v. Montalvo-Murillo*, 495 U.S. 711, 717 (1990) (noting that the Bail Reform Act "directs a judicial officer to detain a person charged, pending trial, if the Government has made the necessary showing of dangerousness or risk of flight").

Before detaining a defendant pending trial, however, the Government must establish by a preponderance of the evidence that a defendant poses a serious risk of flight, or show by clear and convincing evidence that he is a danger to another person or the community. *See Salerno*, 481 U.S. at 750; *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990); *United States v. King*, 849 F.2d 485, 488-89 (11th Cir. 1988); *United States v. Medina*, 775 F.2d 1398, 1402 (11th

Cir. 1985). A defendant may be detained based either on the risk of nonappearance **or** his dangerousness; the Government is not required to establish both. *King*, 849 F.2d at 488-89 (emphasis added).

## Serious Risk of Flight

The Defendant poses a serious risk of flight if released pending trial. Another federal court in the Eleventh Circuit has explained the applicable legal standard:

> [T]he answer to whether a defendant poses a "serious risk of flight" is derived from a fact-specific examination to determine if there exist conditions or a combination of conditions that would reasonably assure a defendant's appearance at future court proceedings if released …
>
> In cases where only a serious risk of flight is at issue …, it is generally accepted that more than evidence of the commission of a serious crime and the fact of a potentially long sentence is required to support a finding of serious risk of flight. A mere theoretical opportunity for flight is not sufficient grounds for pretrial detention.
>
> Relevant factors that support a serious risk finding include the use of a number of aliases, unstable residential ties to a community, efforts to avoid arrest, or hidden assets…Of course, evidence that a defendant had already attempted to flee prosecution would certainly bolster a finding of a serious risk of flight…
>
> In economic fraud cases, it is particularly important that the government proffer more than the fact of a serious economic crime that generated great sums of ill-gotten gains. Merely having access to significant funds is not enough; evidence of strong foreign family or business ties is necessary to detain a defendant even in the face of a high monetary bond.

*United States v. Giordano*, 370 F. Supp. 2d 1256, 1263–64 (S.D. Fla. 2005) (internal citations omitted).

As will be proffered by the Government at the detention hearing, the Defendant has an active arrest warrant from Ohio for failure to appear. Upon his arrest in this case, the Defendant inquired about any detainers that were active against him, and he acknowledged the existence of the Ohio warrant. Further, there is another active arrest warrant for the Defendant in Alabama. Thus, the Government's evidence and the reasonable inferences therefrom will weigh heavily against Defendant's pretrial release in this case. Therefore, Defendant presents a serious risk of flight.

Dangerousness

Clear and convincing evidence of dangerousness exists when the evidence induces "an abiding conviction that the truth of its factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S. Ct. 2433, 2437-38 (1984). "Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979). Accordingly, to show by clear and convincing evidence that a defendant poses a danger to the community, the United States need not prove that there is a 100% chance that a defendant will commit harmful acts. Rather, the concept of danger entails probability of harm

5

and, thus, demonstrating a substantial risk of harm is sufficient. *United States v. Shea*, 749 F. Supp. 1162, 1167 (D. Mass. 1990) ("The term 'danger' invokes a concept of probability (commonly referred to as risk of harm) rather than certainty of harm.").

It is important to note that the term "danger to the community" was "not meant to refer only to the risk of physical violence." *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990). Consideration of the safety of the community under § 3142(e) includes "the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989); *United States v. Abdullahu*, 488 F. Supp. 2d 433, 438-39 (D.N.J. 2007) (noting that "danger to the community does not only include physical harm or violent behavior"); *United States v. Gibson*, 481 F. Supp. 2d 419, 423 (W.D. Pa. 2007) (noting that "violence is not the only danger to the community this court must consider").

If the Government satisfies its burden of demonstrating dangerousness, the Bail Reform Act requires the detention of a defendant. *Montalvo-Murillo*, 495 U.S. at 717 ("The Act . . . requires pretrial detention of certain persons charged with federal crimes and directs a judicial officer to detain a person charged, pending trial, if the Government has made the necessary showing of dangerousness or risk of flight."); *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) ("The Bail

Reform Act requires that a defendant be detained prior to trial if there is clear and convincing evidence that no conditions placed upon his release would reasonably assure the safety of the community.").

### III. Consideration of Conditions of Release

Because the Government has established that the Defendant presents a serious risk of flight, the next step is for the Court to determine whether any condition or combination of conditions of release will reasonably assure Defendant's continued appearance and the safety of the community.[1] As to this determination, the Court must take into account the available information concerning: (1) the nature and circumstances of the offense charged, including whether it involved a firearm; (2) the weight of the evidence against a defendant; (3) the history and characteristics of a defendant, including, inter alia, a defendant's character, family ties, employment, community ties, past conduct, history of drug use, criminal history, and his length of residence in the community; and (4) the nature and seriousness of the danger to any person or the community

---

[1] If prompted by the Government—as is the case here—the Court must consider a defendant's danger to the community when holding a detention hearing under § 3142(f)(2). *United States v. Holmes*, 438 F. Supp. 2d 1340, 1351 (S.D. Fla. 2005). Subsection (f)(2)(A) is a gateway provision that opens the courthouse doors for the Government on the issue of detention. Once those doors are open—because the Government has satisfied its initial burden under § 3142(f)—subsections (f) and (g) specify that the Court "shall" (read: "must") determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. *United States v. Castellanos-Almendares*, No. 19-CR-80144, 2019 WL 3937862, at *2 (S.D. Fla. Aug. 20, 2019).

that would be posed by a defendant's release. 18 U.S.C § 3142(g). A review of the factors set forth in 18 U.S.C. § 3142(g) demonstrates that pretrial detention is warranted.

Nature of Offense

The Defendant is charged with multiple counts of wire fraud and mail fraud, aggravated identity theft, and money laundering. Wire and mail fraud are serious offenses for which the Defendant faces up to 20 years in prison, and he will serve a mandatory two-year consecutive prison sentence if he is convicted of aggravated identity theft. Although these are not violent crimes, or offenses related to narcotics or terrorism, the crux of these so-called "financial" or "white collar" crimes is the Defendant's alleged deception, which bears directly on whether he would comply with any conditions to assure his continued appearance or the safety of the community.

"Assessment of the flight risk posed by a defendant often implies a calculation of the relative cost of remaining and submitting to trial or, in the alternative, fleeing the jurisdiction." *United States v. Megahed*, 519 F. Supp. 2d 1236, 1242 (M.D. Fla. 2007). A defendant facing a substantial term of imprisonment has commensurate incentive to flee insofar as the cost of taking his chances at trial is great in comparison to the cost of fleeing. *See United States v. Valentin-Cintron*, 656 F. Supp. 2d 292, 296 (D.P.R. 2009) (noting that "the steeper

the sentence, accompanied by a strong case against him, and an extensive prior criminal history increases the probability of risk of flight"). The Defendant, therefore, has strong incentive to flee. *United States v. Khusanov*, 731 F. App'x 19, 21 (2d Cir. 2018) (noting that a "defendant facing a potentially lengthy prison sentence possesses a strong motive to flee"). This factor, therefore, weighs in favor of pretrial detention.

<u>Weight of the Evidence</u>

As will be proffered at the detention hearing, the weight of the Government's evidence is considerable. A defendant facing evidence of substantial quantity and quality has a greater incentive to flee than a defendant facing a weaker case. *United States v. Sims*, 128 F. App'x 314, 315 (4th Cir. 2005) (holding that detention was appropriate where "the weight of the Government's evidence against" a defendant "is considerable"); *United States v. Palmer-Contreras*, 835 F.2d 15, 18 (1st Cir. 1987) (where the evidence against defendants is strong, the incentive for flight is increased); *United States v. Samuels*, 436 F. Supp. 2d 280, 286 (D. Mass. 2006) ("A reasonable prospect of conviction coupled with a [then-certain] prospect of serious punishment suggest a strong motive to flee if free to do so."); *United States v. Al-Arian*, 280 F. Supp. 2d 1345, 1358 (M.D. Fla. 2003) (noting that a defendant has incentive to flee commensurate with the strength of the prosecution's case, especially if he is facing a substantial sentence).

History and Characteristics of Defendant

The Court must consider a wide variety of factors concerning a defendant's character, family ties, employment, community ties, past conduct, history of drug use, criminal history, and his length of residence in the community. 18 U.S.C. § 3142(g)(3)(A).  Beginning with community ties, the Defendant is not a resident of Tallahassee, Leon County, or the Northern District of Florida.  However, some federal courts have held that ties to any geographical community in the United States will suffice. *See, e.g., United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (the term "community" in the Bail Reform Act "embraces both the community in which the charges are brought and also a community in the United States to which the defendant has ties"); *United States v. Woodside*, No. 3:13-cr-97-3, 2013 WL 3479414, at *3 n.1 (M.D. Tenn. Jul. 11, 2013) (same); *United States v. Yuen*, 2011 WL 5025134, at **4–5 (S.D. Fla. 2011) ("If this Court were to [hold otherwise], it would essentially mean that every defendant who was arrested and charged in a district other than the district where he or she lived (a district where they would not have substantial 'community ties') would be a flight risk and subject to pretrial detention."); *United States v. Garcia*, 801 F. Supp. 258, 263 (S.D. Iowa 1992) ("While the Defendant has no ties to any community within the Southern District of Iowa, he clearly has substantial ties to Tucson, Arizona.").

The Defendant has some family living in north Alabama and an ex-wife living in Tallahassee; however, his personal ties to those communities are tenuous. He has no residence of his own, and when he is not in prison, the Defendant typically lives with the women that he victimizes, including his mother and his ex-wife. Further, the Government will ask that the Defendant be prohibited from having contact with his mother if he is granted pretrial release to avoid witness tampering and assure her appearance at trial, if needed. If this Honorable Court allows the Defendant to be released, it is unclear where the Defendant will reside. Moreover, there is no evidence that the Defendant has had legitimate employment in the last decade, or even in the year prior to his arrest. To be sure, in his Pretrial Services Report in Nashville, Tennessee, the Defendant reported that he was unemployed. The Defendant also reported that he had experience as a professional gambler; however, it is important to note that the Government's investigation revealed that the Defendant had frequented casinos where he gambled what are believed to be the proceeds from his fraud scheme (as alleged in the indictment).

Lastly, the Defendant has an extensive criminal history in Alabama, Georgia, and Florida, mostly for fraud and crimes of dishonesty. In Alabama, the Defendant was convicted of fraudulent use of a credit card and attempted theft of property in 2001, theft of property in 2002, illegal possession/fraudulent use of a credit card and criminal possession of a forged instrument in 2007, and theft of

identity in 2009. His Alabama prison sentences have ranged from one year to fifteen years. In Georgia, the Defendant has been convicted of theft by conversion in 2006, financial identity theft in 2006, and identity fraud and forgery in 2013. His Georgia prison sentences have ranged from five to ten years.

As will be proffered to the Court at the detention hearing, the Government would show that the Defendant has spent most of the past twenty years incarcerated. Further, the Government's investigation revealed that the Defendant continued his fraud scheme from behind prison walls while he was incarcerated, and even after his release. When he was not incarcerated, the Defendant was placed on probation or parole for his prior criminal cases; however, the Government will also proffer that the Defendant violated the terms of such supervision on multiple occasions. A court can reasonably infer that a defendant who previously refused to abide by terms of probation imposed by other courts would likewise refuse to abide by terms of pretrial release. See *United States v. Alderte*, 336 F.R.D. 240, 281 (D.N.M. 2020) (noting the court's skepticism that the defendant—who previously committed parole and probation violations—would abide by the conditions the court would impose if it released the defendant). Such a defendant shows no regard for the orders of other courts; thus, there is little reason to think the Defendant would obey this Court's directives. A defendant who has a history of violating conditions of probation, like the Defendant here,

therefore, presents a greater risk of violating conditions of pre-trial release. Furthermore, in the Defendant's case, one of his probation violations entailed the commission of a criminal offense. Federal courts typically impose a requirement on released defendants to not commit additional criminal offenses. Were this Court to release the Defendant and impose such a term, there is a substantial risk that the Defendant would violate that term. *See United States v. Odegbaro*, 655 F. App'x 630, 633 (10th Cir. 2016) (holding that the district court did not err in detaining a defendant who previously committed crimes while on probation); *United States v. Wray*, 980 F. Supp. 534, 535 (D.D.C. 1997) (holding that the defendant should be detained because, among other things, he committed crimes while on parole, which indicated that it was "highly unlikely that he would comply with the conditions to be imposed if he were released"). For this reason too, the Defendant poses a danger to society and a risk of flight.

### Danger to Community

The Eleventh Circuit, looking at the Senate Judiciary Committee Report on the Bail Reform Act, has stated that the term "danger" has "a much broader construction than might be commonly understood in everyday parlance." *United States v. King*, 849 F.2d 485, 487 n.2 (11th Cir. 1988). This includes that a defendant "might engage in criminal activity to the detriment of the community." *Id*. And "[o]ften it is economic or pecuniary interests of a community rather than

physical ones which are most susceptible to repeated danger by a released defendant." *United States v. Harris*, 920 F. Supp. 132, 133 (D. Nev. 1996).

Although the Defendant is not charged with crimes involving highly addictive drugs, firearms, or violence, there are victims in the economic crimes for which he has been indicted. Given his continued pattern of defrauding victims through deception and lying about his true identity, there is no condition of release the Court can impose that would ensure the safety of the community from the type of conduct alleged in the indictment. This factor weighs in favor of pretrial detention here.

Additionally, the testimony of the victims defrauded by the Defendant is extremely important, especially if this case proceeds to trial. There is a substantial danger that the Defendant might attempt to threaten or harm the victim to prevent them from testifying. As at least one Supreme Court Justice has recognized, the danger that an adverse witness will be attacked "exists in every adversary proceeding" and a released defendant may present a "threat to the witness hostile to his interests . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 600, 94 S. Ct. 2963, 2996 (1974) (Douglas, J., dissenting in part and concurring in the judgment in part). In light of the substantial penalties that the Defendant faces, he has a strong incentive to dissuade and cause harm to the victim to prevent the victim from testifying against him.

14

## IV. Conclusion

There is clear and convincing evidence which demonstrates that the Defendant poses a danger to another person and the community. In this case, "the protection of the community can be assured only by continued detention." *See United States v. Millan*, 4 F.3d 1038, 1049 (2d Cir. 1993). The Government has also shown by a preponderance of the evidence that the Defendant poses a risk of flight. Accordingly, the Defendant should be detained pending trial.

WHEREFORE, the Government moves this Honorable Court to: 1) find that the Defendant is a serious risk of flight and poses a danger to the community for which no conditions of release "will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and the community," and 2) enter an order that the Defendant is to be detained on pretrial detention in this case.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Justin M. Keen*
JUSTIN M. KEEN
Assistant United States Attorney
Florida Bar Number: 021034
111 North Adams Street, Fourth Floor
Tallahassee, FL 32301
Justin.Keen@usdoj.gov
(850) 942-8430

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served by electronic mail to Randolph Murrell, counsel for the Defendant, on this 19th day of December, 2021.

                                          */s/ Justin M. Keen*
                                          JUSTIN M. KEEN
                                          Assistant United States Attorney

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I HEREBY CERTIFY that the foregoing complies with the type-volume limitation of Local Rule 7.1(F) because this pleading contains approximately 3,652 words.

                                          */s/ Justin M. Keen*
                                          JUSTIN M. KEEN
                                          Assistant United States Attorney