IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NUMBER: 4:21CR50/RH-MAF

BRIAN BRAINARD WEDGEWORTH
  a/k/a "DR. BRIAN ANDERSON"
  a/k/a "DR. ANTHONY WATKINS"
  a/k/a "DR. BRIAN ADAMS"
  a/k/a "DR. EDWARD CHEN"
  a/k/a "DR. BRIAN CHRIS"
  a/k/a "DR. CHRIS WILLIAMSON"
  a/k/a "DR. BRIAN CHRISTOPHER WILLIAMSON"
  a/k/a "DR. BRIAN EDMONDS"
  a/k/a "DR. BRIAN AMMERSON"
  a/k/a "DR. BRIAN LAMAR WILSON"
  a/k/a "DR. BRIAN WILSON"
  a/k/a "DR. BRIAN MIMS"
  a/k/a "DR. BRIAN LAMAR SIMS"
                                        /

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between BRIAN BRAINARD WEDGEWORTH, a/k/a "DR. BRIAN ANDERSON," a/k/a "DR. ANTHONY WATKINS," a/k/a "DR. BRIAN ADAMS," a/k/a "DR. EDWARD CHEN," a/k/a "DR. BRIAN CHRIS," a/k/a "DR. CHRIS WILLIAMSON," a/k/a "DR. BRIAN CHRISTOPHER WILLIAMSON," a/k/a "DR. BRIAN EDMONDS," a/k/a "DR. BRIAN AMMERSON," a/k/a "DR. BRIAN LAMAR WILSON," a/k/a "DR.

1

FILED IN OPEN COURT ON
5/19/22 cm
United States District Court
Northern District of Florida

BRIAN WILSON," a/k/a "DR. BRIAN MIMS," a/k/a "DR. BRIAN LAMAR SIMS," as Defendant, Joseph F. DeBelder as attorney for Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against Defendant.

## 2. TERMS

The parties agree to the following terms:

a.  Defendant will plead guilty to Counts One through Fourteen (Wire Fraud), Counts Fifteen through Twenty-Two (Mail Fraud), Count Twenty-Three (Aggravated Identity Theft), and Counts Twenty-Four through Twenty-Five (Engaging in Specified Monetary Transactions) of the Indictment. As to each of Counts One through Twenty-Two, Defendant faces a maximum term of twenty years' imprisonment, three years of supervised release, a $250,000 fine, or a fine in twice the amount of the gross gain/loss, and a $100 special monetary assessment. As to Count Twenty-Three, Defendant faces a minimum term of two years' imprisonment consecutive to any other incarceration imposed, one year of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to each of Counts Twenty-Four and Twenty-Five, Defendant faces a maximum term of ten years' imprisonment, three years of supervised release, a $250,000 fine, and a

$100 special monetary assessment. Defendant agrees to pay the special monetary assessment(s) on or before the date of sentencing.

If Defendant is unable to pay the special assessment prior to sentencing due to indigence, Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which Defendant is subject includes the forfeiture of all forfeitable assets. Specifically, Defendant agrees to forfeit to the United States Defendant's interest in the following property:

|   | USPIS Evidence # | Item Description |
|---|---|---|
| 1 | IS0001481318 | Notepads with writings notated. Binder with monthly calendar and financial records |
| 2 | IS0001481319 | Financial Invoices (bills) and other financial documents in the name of Wedgeworth |
| 3 | IS0001481320 | Gold Colored Green-Dot Visa Debit Card. Account number 4143 9701 0082 8718 |
| 4 | IS0001481321 | Visa pre-paid debit card. Silver in color bearing account number 4941 6008 4633 1578 |
| 5 | IS0001481323 | Rolex Two-Tone Oyster Perpetual Woman's Watch. Serial # S675U887 |
| 6 | IS0001481324 | Financial statements in the names of Brian Wedgeworth (TD Bank), American Express (M.R.), A.M.W. (Capital One), and M.W. (BBVA Compass Bank) |
| 7 | IS0001481326 | Green Rolex Watch Box with Green Rolex Sales Card (matches Rolex two-tone Oyster Perpetual Woman's Watch seized in this case) |
| 8 | IS0001481327 | Checkbooks for Chase Bank and Bank of America in the name of Brian Wedgeworth |
| 9 | IS0001481359 | Bank of America statements in the name of Brian Wedgeworth & K.W.H. |

3



| 10 | IS0001481360 | Financial Documents from various banks in the names of Wedgeworth and/or K.W.H. |
|---|---|---|
| 11 | IS0001481361 | Bank Records in the name of Brian Wedgeworth |
| 12 | IS0001481362 | Financial Records in the names of K.W.H. and/or Brian Wedgeworth. |
| 13 | IS0001481363 | Black iPhone (with Otterbox case) |
| 14 | IS0001481369 | Receipts in the name of Brian Adams located within the BMW 750i Sedan parked in K.W.H.'s garage |
| 15 | IS0001481370 | Samsung Tablet S/N: R52G81285YY |
| 16 | IS0001481371 | Black Think Pad Laptop Model X201 |
| 17 | IS0001481372 | Black Lenovo Laptop Computer |
| 18 | IS0001481373 | iPhone 11 Pro S/N: C39ZK3NN6XT |
| 19 | IS0001481374 | iMac computer. Model A1419 S/N: C02ST4X2GG7L |
| 20 | IS0001481375 | Miscellaneous financial records / bills |
| 21 | IS0001481376 | Samsung Tablet. S/N: T230NWGSMH (located in BMW 750i Sedan with Florida / Jacksonville Jaguar License Plate) |
| 22 | IS0001481377 | White flash drive (electronic media storage) |
| 23 | IS0001481378 | Black Journal with notes, and miscellaneous receipts (including receipts from Gem Collection). |
| 24 | IS0001481379 | Clear Plastic Tub with mailed Financial Records and Letters |
| 25 | IS0001481380 | Visa Cash App Debit Card (Sutton Bank). Account # ending in 60256 |
| 26 | IS0001481381 | Financial Documents for Wedgeworth (and K.W.H.; including September 2020 mortgage statement) and notepad with account notations |
| 27 | IS0001481382 | Financial Records in include bank and tax records (K.W.H.) as well as Wal-Mart Money Cards / Visa debit cards in the name of Brian Adams Account #s: ending in 9026 & 3437 |
| 28 | IS0001481383 | Original Business Card in the name of Brian Anderson, MD (seized in LCSO case # 2018-00082472) |
| 29 | IS0001481392 | Apple iPhone (black in color) located in Wedgeworth's bedroom (top of chest of drawer dresser) shared with W.W. |
| 31 | IS0001481394 | Contents of black/grey checkered men's wallet containing business cards, debit cards, membership cards, Alabama ID Card, Social Security Card which are **NOT** in the name of Brian Wedgeworth |



| 32 | IS0001481340 | California Driver's License in the name of Brian L. Mims with Brian Wedgeworth's picture |
|---|---|---|
| 33 | IS0001723849 | 1 Black MasterLock Digital Safe Model X055ML Serial #: X055MLN3430054155M |
| 34 | IS0001723850 | 1 framed University of Pennsylvania diploma in the name of Brian Lamar Mims |
| 35 | IS0001723851 | 1 white Apple Watch Box with serial # ending in Q1XQ, 1 black Apple iPhone 13 Pro Max with serial # ending in 4QrW, and 1 black Apple iPhone 13 Pro Max with serial # ending in V67G |
| 36 | IS0001723852 | 1 white Apple bag containing: 1 T-Mobile SIM Card. SIM card # ending in 329F, 2 Apple Store Receipts, and 1 Apple tool with Apple sticker |
| 37 | IS0001723853 | 2 Johnston & Murphy Magazines addressed to Brian Mims 2 Orkin letters addressed to Brian Mims 1 Molly Maid letter addressed to Brian Mims – addressed to a residence in Spring Hill, TN 37174 |
| 38 | IS0001723854 | 1 black Apple iPhone in clear hard plastic cell phone case. 1 white Apple cable cord. |
| 39 | IS0001723855 | BMW invoices in the name of Brian Mims. |
| 40 | IS0001723856 | 1 large cardboard box containing the following Kappa Alpha Psi apparel: 1 Red/White Letterman Jacket, 1 Red Sportscoat, 3 Red T-Shirts, 1 Black T-Shirt, 1 Maroon/White Polo Shirt, 1 Red long sleeve Pull-Over jacket, 1 Red Sweatshirt, 1 Red/White Umbrella, 2 Vehicle License Plate Brackets, 1 Red/White winter hat, 1 Khaki ballcap hat, 1 Red/White (untied) bowtie |
| 41 | IS0001723857 | 1 cardboard box containing the following articles of clothing: 3 white physician coats bearing the name "Dr. Brian Mims," 3 Medical Scrub Top Shirts bearing the name "Dr. Brian Mims," and 1 grey Harvard T-shirt |
| 42 | IS0001723859 | 1 white ring box (Shane Co.) containing 1 white gold (14K) ring with 10 small round diamonds fixed on the ring band totaling 1.05 carats (S/N 21E03ZZ) obtained from Dr. W.W., and 1 oval diamond on top of the ring band estimated to weigh 2.01 carats with SI1 clarity and E color (S/N 20101QH) obtained from Dr. W.W. |



| 43 | IS0001723861 | 1 blue watch winder box, 1 green watch winder box, and 1 power cord |
| --- | --- | --- |
| 44 | IS0001723862 | 1 black Motorola cell phone box with IMEI # ending in 3693, and 1 white iPhone cell phone box with Serial # ending in ODXP. |
| 45 | IS0001723863 | 1 white Apple iPad Magic Keyboard box with serial # ending in OY09, and 1 white Apple iPad Pro box with serial # ending in 9DLO |
| 46 | IS0001723864 | 1 black AT&T Nighthawk LTE Mobile Hotspot Router box with IMEI # ending in 2464, 1 black Samsung Note 20 Cell Phone Box with SIM Serial # ending in 242F, and 1 black T-Mobile Hotspot Router box with IMEI # ending in 7604 |
| 48 | IS0001723866 | White envelope marked Shane Co. containing documents from Shane Co. (jewelry vendor) of Franklin, TN, including: 1 Sales Receipt for Diamond Ring, 1 Claim Check for Diamond Ring, and 1 COA for Diamond Ring |
| 49 | IS0001723867 | 1 Bank of America Letter in the name of Brian Wedgeworth, and 1 Family Leisure Furniture Invoice in the name of W.W. |
| 50 | IS0001723868 | Harvard Medical School Student Transcript in the name of Brian L. Mims (2 pages in total) |
| 51 | IS0001723869 | 1 Casio G-Shock Sports Watch (white in color) |
| 52 | n/a | $9,742.60 and any applicable interest accrued since October 28, 2020, that is held in the T.D. Ameritrade account ending in 2283, held in the name of the defendant |
| 53 | n/a | $84,126.63 and any applicable interest accrued since June 17, 2021, held in the Bank of America, N.A. account ending in 5468, held in the name of the defendant |
| 54 | n/a | $5,278.51 and any applicable interest accrued since July 14, 2021, in the U.S. Bank account ending in 3274, held in the name of the defendant |
| 55 | n/a | $567.08 and any applicable interest accrued since October 18, 2021, in the Woodforest National Bank account ending in 5181, held in the name of the defendant |

b. By voluntarily pleading guilty to the charge(s) in the Indictment, Defendant, as to the count(s) pled herein, knowingly waives and gives up



constitutional rights which attend a defendant on trial in a criminal case. These constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

  c. Defendant is pleading guilty because Defendant is in fact guilty of the charge(s) alleged in Counts One through Twenty-Five of the Indictment. In pleading guilty, Defendant acknowledges that were this case to go to trial, the government would present evidence to support the charge(s) beyond a reasonable doubt.

  d. Upon the District Court's adjudication of guilt of Defendant for the charged crime(s), the United States Attorney, Northern District of Florida, will not file any further criminal charges against Defendant arising out of the same transactions or occurrences to which Defendant has pled. Defendant agrees that substantial evidence exists to support the charge(s), as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

  e. Nothing in this agreement shall protect Defendant in any way from prosecution for any offense committed after the date of this agreement.

  f. If Defendant is not a citizen of the United States, Defendant understands that this conviction may adversely affect Defendant's immigration

7



status, and Defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

  g.  The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense(s).

  h.  Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense(s) committed by Defendant. The United States Attorney further reserves the right to correct any misstatements by Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

### 3. SENTENCING

  a.  Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of



issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

    b.    The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of Defendant's plea.

    c.    The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

Defendant agrees to make full restitution to the victims in an amount to be determined by the Court. Such restitution shall include direct losses totaling $1,039,122.01 (an amount to which the Defendant specifically agrees) in the amounts listed below, but may include additional amounts as determined by the Court:

| Victim Name | Amount |
|---|---|
| N.S. | $ 3,179.00 |
| Dr. K.H. | $ 31,624.85 |
| R.E.M. | $ 51,635.00 |
| S.H. | $ 15,599.53 |
| A.P. | $ 14,490.39 |
| L.K.A. | $ 114,981.47 |
| S.M.P. | $ 15,200.00 |
| K.P. | $ 87,828.00 |
| A.A. | $ 29,400.00 |



| | | |
|---|---|---|
| C.D. | $ | 16,095.00 |
| L.H. | $ | 12,500.00 |
| H.R.C. | $ | 71,330.00 |
| C.H. | $ | 38,240.50 |
| E.R.G. | $ | 34,697.61 |
| P.T. | $ | 75,000.00 |
| E.L.T. | $ | 27,659.30 |
| M.R. | $ | 53,833.91 |
| J.S. | $ | 12,350.00 |
| E.C. | $ | 11,500.00 |
| S.D. | $ | 62,085.96 |
| Dr. D.A. | $ | 8,400.00 |
| Dr. C.W. | $ | 88,739.67 |
| Dr. W.W. | $ | 40,000.00 |
| C.G. | $ | 19,694.25 |
| S.F. | $ | 5,000.00 |
| T.J. (f/k/a T.F.) | $ | 6,673.00 |
| T.B. | $ | 6,959.00 |
| L.C. | $ | 2,600.00 |
| C.D. | $ | 9,200.00 |
| M.D. | $ | 1,000.00 |
| S.L. | $ | 1,500.00 |
| N.L. | $ | 6,300.57 |
| H.L. | $ | 2,000.00 |
| T.P. | $ | 2,500.00 |
| T.T. | $ | 15,000.00 |
| R.W. | $ | 9,500.00 |
| A.W. | $ | 16,025.00 |
| G. | $ | 6,700.00 |
| J.G. | $ | 2,900.00 |
| J.S. | $ | 9,200.00 |

Defendant agrees that the total amount of restitution may include losses resulting from related conduct for which Defendant was not convicted, if the loss flowed directly from the relevant conduct of which Defendant was a part.

CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case. Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

_____
Joseph F. DeBelder
Attorney for Defendant

5/19/22
Date

_____
Brian Brainard Wedgeworth
Defendant

MAY 19, 2022
Date

JASON R. COODY
United States Attorney

_____
Justin M. Keen
Florida Bar No. 021034
Assistant United States Attorney
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
850-942-8430
Justin.Keen@usdoj.gov

05/19/2022
Date